IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEPHEN SEALS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No.: 4:17-CV-262 |
| ) | |
| CITY OF KANSAS CITY, MISSOURI, ) | With Jury Demand |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff Stephen Seals (Plaintiff) states the following as his causes of action against Defendant City of Kansas City, Missouri (Defendant).

## JURISDICTION AND VENUE

1. Plaintiff, an African-American male, is a resident of Kansas City, Jackson County, Missouri and is employed by Defendant since March 13, 1995, currently as a Battalion Chief in the Kansas City, Missouri Fire Department.

2. Defendant City of Kansas City, Missouri is a municipal corporation authorized to engage in business in Missouri with its place of business in this case in Kansas City, Jackson County, Missouri.

3. Venue is proper because all the events which are the subject matters of this Complaint occurred in Kansas City, Jackson County, Missouri.

4. Plaintiff brings this claim pursuant 42 U.S.C. Section 1981.

## FACTS COMMON TO ALL COUNTS

5. Plaintiff began his employment as a firefighter and is the only African-American Field Battalion Chief.

6. Plaintiff is one of only three African-American Battalion Chiefs employed by the Kansas City Fire Department (KCFD) out of twenty-eight. This represents approximately 9.3 per cent that are African-Americans in the ranks of Battalion Chief.

7. Historically, African-Americans in the KCFD have been under-represented both in the rank and file as firefighters and in management.

8. In the most recent figures from the City of Kansas City, only 9% of the employees of the Fire Department are African-American, while 30% of the residents of Kansas City are African-American.

9. Chief Berardi, the fire chief, wants all applicants to be a licensed Emergency Medical Technicians (EMT) prior to applying at the KCFD. Even though this has not yet been implemented, this seems to be a goal of Chief Berardi. The KCFD is currently accepting applications and the requirements remain a high school diploma.

10. The Kansas City Public School District, which is predominantly African-American, is one of the only school districts in the area which does not provide EMT training in its curriculum. Therefore, the African-American students in the Kansas City Public School District are disadvantaged in applying for open firefighter classes, since they cannot get the necessary EMT training in high school.

11. Plaintiff suggested that the KCFD participate in vocational training of the Kansas City Public School District's curriculum to identify those students interested in becoming firefighters and provide help to increase opportunities in the African-American community.

12. Chief Berardi has refused to implement a vocational training program, except on a very small level, in searching for students interested in becoming firefighters in the Kansas City

Public School District. Only fourteen students from the School District were selected.

13. In 2016, Plaintiff's son was in a class to become a firefighter.

14. Another African-American man was also in the class. He was called the "n" word by a Caucasian member of the class.

15. No disciplinary action was taken against the Caucasian recruit. Ultimately, the African-American recruit who was called the "n" word passed his EMT, but not his Fire I and II classes and failed to make it as a Kansas City firefighter.

16. Plaintiff had recruited the African-American recruits for this class.

17. Plaintiff addressed the racially offensive conduct with the chief of training, Travis Williams (Williams).

18. No one investigated the racist conduct by interviewing 36 recruits. Only seven of the recruits were interviewed, and they were conducted by Fire Management and the Union Local 42 business agent.

19. Plaintiff was disciplined and placed on probation for addressing his concerns about the racist conduct with Williams, yet no one else was disciplined for engaging in racist behavior or for failing to investigate the racist behavior.

20. Plaintiff also spoke to a member of management.

**COUNT I - §1981 DISCRIMINATION AND RETALIATION**

21. Plaintiff hereby incorporates those allegations contained in paragraphs 1 through 20 into Count I of his Complaint.

22. Plaintiff was discriminated against in his attempts to recruit African-American firefighters and to provide high school students in the Kansas City Public School District with

3

vocational training to become firefighters.

23. Plaintiff was retaliated against by being placed on probation and subjected to discipline when he complained about racism directed toward the class of African-American recruits.

24. Race played a part in the Defendant's decisions as referenced above.

25. Defendant's actions were willful, wanton and malicious.

26. Plaintiff has suffered humiliation and distress, plus a diminution of his reputation.

**WHEREFORE,** Plaintiff prays for judgment against Defendant in an amount in excess of $75,000, for costs herein incurred and expended, for actual, compensatory and punitive damages, for interest at the highest lawful rate, injunctive relief, and for such other relief as the Court deems just and proper.

## COUNT II - EQUITABLE RELIEF

27. Plaintiff hereby incorporates those allegations contained in paragraphs 1 through 26 of his Complaint.

28. Plaintiff seeks an order requiring the KCFD to propose a vocational training course for students in the Kansas City Public School District so that more African-American candidates will have an opportunity to become firefighters.

29. Plaintiff seeks an order either providing students in the Kansas City Public School District with training to become EMTs so that they will have the same opportunities as other students in the Kansas City area to become firefighters and therefore create an opportunity for more African-American recruits or abolish the requirement of recruits for the entry level firefighter position to be EMTs before being hired.

30. Plaintiff seeks an order for such other relief as the Court decides to totally reform the entry level firefighter process and help increase the number of African-American recruits and management in the KCFD.

**WHEREFORE,** Plaintiff prays equitable and injunctive relief against Defendant, for costs herein incurred and expended, and for such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

**BRATCHER GOCKEL LAW, L.C.**

By  /s/ Lynne Jaben Bratcher
　　Lynne Jaben Bratcher, Mo. Bar No.: 31203
　　Marie Lynn Gockel, Mo. Bar No.: 31208
　　1935 City Center Square
　　1100 Main Street
　　P. O. Box 26156
　　Kansas City, MO  64196-6156
　　Ph:   (816) 221-1614
　　Fax:  (816) 421-5910
　　E-Mail:  lynne@bgklawyers.com
　　　　　　marie@bgklawyers.com

**ATTORNEYS FOR PLAINTIFF**